UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREEN BUILDERS LLC,<br><br>                    Plaintiff,<br>    v.<br><br>USA GREEN BUILDERS CORPORATION,<br><br>                    Defendant. | CASE NO. 2:24-cv-01469-LK<br><br>ORDER DENYING REQUEST FOR ENTRY OF DEFAULT |

       This matter comes before the Court on Plaintiff Green Builders LLC's Request for Entry of Default.[1] Dkt. No. 7. For the reasons explained below, the request is denied without prejudice.

       Plaintiff initiated this action against Defendant USA Green Builders Corporation on September 14, 2024, seeking to recover damages and injunctive relief under federal and state law based on Defendant's alleged infringement of Plaintiff's service mark and unfair competition. Dkt. No. 1 at 2. On October 24, 2024, Plaintiff moved for entry of default following Defendant's failure to appear or defend in this action. Dkt. No. 7.

---

[1] The Court notes that Plaintiff's request fails to comport with the procedural requirements of Local Civil Rule 7(b)(1), which requires that the noting date be included in the caption.

ORDER DENYING REQUEST FOR ENTRY OF DEFAULT - 1

1    Local Civil Rule 55(a) requires a "show[ing] that the defaulting party was served in a
2 manner authorized by [Federal Rule of Civil Procedure 4]." Here, counsel for Plaintiff states in
3 the motion for entry of default that Defendant "was personally served with the summons and
4 complaint on October 2, 2024, and proof of this service was filed with the court on October 10,
5 2024." Dkt. No. 7 at 1. In the affidavit of service, the process server writes that he "served the
6 summons on white lady, who is designated by law to accept service of process on behalf of USA
7 Green Builders Corporation at 95 S Tobin St Ste 203, Renton, WA 98057 on 10/02/2024 at 2:46
8 PM[.]" Dkt. No. 6.

9    "Proper service of process is particularly important in the default judgment context"
10 because "'[a] default judgment entered when there has been no proper service of the complaint is,
11 a fortiori, void, and should be set aside.'" *In re Iskric*, 496 B.R. 355, 359 (Bankr. M.D. Pa. 2013)
12 (quoting *Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 19 (3d Cir. 1985)). And
13 "[b]ecause default judgments generally are disfavored, courts have required strict compliance with
14 the legal prerequisites establishing the court's power to render the judgment." *Johnson v. Salas*,
15 No. 2:11-CV-02153 MCE KJN, 2012 WL 1158856, at *4 (E.D. Cal. Apr. 6, 2012) (cleaned up).

16    Federal Rule of Civil Procedure 4 provides two methods of service on a corporate entity.
17 First, a plaintiff may follow "state law for serving a summons in an action brought in courts of
18 general jurisdiction in the state where the district court is located or where service is made[.]" *See*
19 Fed. R. Civ. P. 4(e)(1), (h)(1)(A). Alternatively, a plaintiff may deliver a copy of the summons and
20 complaint "to an officer, a managing or general agent, or any other agent authorized by
21 appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B).

22    Washington is the relevant state for these purposes. Under Washington law, personal
23 service is effectuated on a corporation by delivering a copy of the summons "to the president or
24 other head of the company or corporation, the registered agent, secretary, cashier or managing

ORDER DENYING REQUEST FOR ENTRY OF DEFAULT - 2

agent thereof or to the secretary, stenographer or office assistant of the president or other head of the company or corporation, registered agent, secretary, cashier or managing agent." Wash. Rev. Code § 4.28.080(9); *see also id*. § 23.95.450(1) ("A represented entity may be served with any process, notice, or demand required or permitted by law by serving its registered agent.").

A public records search confirms that the principal office address for Defendant is indeed 95 S. Tobin Street, Suite 203, Renton, WA, 98057-5324. *See* Washington Business Search Database, https://apps.sos.wa.gov/corps/ (last accessed on October 25, 2024); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (a district court may take judicial notice of matters of public record). However, the affidavit of service fails to describe with sufficient detail who accepted service on behalf of Defendant, indicating only that it was a "white lady." Dkt. No. 6 at 1. For service on corporations under Rule 4(h)(1)(B), service is deficient where the process server, as here, makes "no attempt to ascertain the title or corporate position of the individual who accepted the papers or even to inquire whether the individual was actually an employee of the defendant corporation." *Prescription Containers, Inc. v. Cabiles*, No. 12 CIV. 4805 (CBA) (VMS), 2014 WL 1236919, at *6 (E.D.N.Y. Feb. 14, 2014), *report and recommendation adopted*, 2014 WL 1237098 (E.D.N.Y. Mar. 25, 2014); *see also Riordan v. Power Fasteners, Inc.*, No. C11-1207RSL, 2011 WL 4571891, at *2 (W.D. Wash. Sept. 30, 2011) ("The process server's declaration says nothing about [the person receiving service's] title or position and thus cannot serve as evidence sufficient on its face to establish prima facie satisfaction of RCW 4.28.080(9)."). Based on the information supplied here, the "white lady" referenced in the affidavit of service "might be an authorized recipient for process; she could also be an unauthorized employee of defendant, an employee of another entity, an interloper, or a mere passerby." *Trs. of Empire State Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Coop., Pension & Welfare Funds v. R. Baker & Son All Indus. Servs., Inc.*, No. CV 13-04590 (JS) (GRB), 2014 WL 6606402, at *4 (E.D.N.Y.

Aug. 4, 2014) (service insufficient where process server identified person receiving summons and complaint as "Jane Doe" and simply asserted that she was authorized to accept service), *report and recommendation adopted*, 2014 WL 4536911 (E.D.N.Y. Sept. 11, 2014); *see also Crystal, China & Gold, Ltd. v. Factoria Ctr. Invs., Inc.*, 969 P.2d 1093, 1096 (Wash. Ct. App. 1999) ("[T]he service statute for corporations communicates the Legislature's decision that only persons holding in certain positions can accept service on behalf of a corporation. We find no justification that permits service of persons in unnamed occupations to satisfy the statute.").

The Court therefore DENIES Plaintiff's request for entry of default without prejudice to renew, should Plaintiff properly serve Defendant.

Dated this 30th day of October, 2024.

Lauren King
United States District Judge
