**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

* * *

| | |
|---|---|
| GREEN BUILDERS LLC, a Washington limited liability company,<br><br>*Plaintiff,*<br><br>v.<br><br>USA GREEN BUILDERS CORPORATION, a Washington corporation,<br><br>*Defendant.* | Case No. 2:24-cv-1469-TLF<br><br>**MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT USA GREEN BUILDERS CORPORATION**<br><br>**NOTICE ON MOTION CALENDAR MARCH 31, 2025** |

Pursuant to Fed. R. Civ. P. 55(b)(2), and Local Civil Rules 7(d)(1) and 55(b)(4), and this Court's Standing Order for all Civil Cases, Plaintiff GREEN BUILDERS LLC ("Plaintiff"), hereby moves that the Court enter a default judgment and permanent injunction against USA GREEN BUILDERS CORPORATION ("Defendant").

## I. INTRODUCTION

This is an action for damages and injunctive relief resulting from the infringement of Plaintiff's service mark and unfair competition, pursuant to 15 U.S.C. § 1125(a), violations of the Washington Consumer Protection Act, RCW 19.86.020, and the common law. The present action was commenced by the filing of a Complaint (Dkt. 1) on September 14, 2024. The

Defendant was served with the Summons and Complaint on November 21, 2024 (Dkt. 10) and failed to respond. The default of Defendant was entered on December 12, 2024 (Dkt. 12).

The present action is based on the adoption and use of the trade name and service mark USA GREEN BUILDERS by the Defendant, which is confusingly similar to Plaintiff's earlier adoption and use of the trade name and service mark GREEN BUILDERS LLC on identical services. By this motion, Plaintiff requests entry of a default judgment and permanent injunction against the Defendant, together with an award of reasonable attorney fees pursuant to 15 USC 1117 and RCW 19.86.080. No recovery of damages is sought by this motion.

**A. Plaintiff's Prior Use and Registration of GREEN BUILDERS LLC**

Since 2016, Plaintiff has been providing residential building construction, remodeling and repair services under the trade name and service mark GREEN BUILDERS LLC in King County, Washington. (See declaration of Daniel Green ("Green Decl.") submitted herewith, ¶ 1.). Plaintiff has expended considerable time, money and effort in the advertising and promotion of its building construction, remodeling and repair services under the trade name and service mark GREEN BUILDERS LLC. *Id*. The mark GREEN BUILDERS LLC is also the subject of a Washington State Trademark Registration, No. 1083001 (See Exhibit D to Green Decl.).

**B. Defendant's Infringing Conduct**

Beginning in 2022, Plaintiff began receiving occasional unexplained negative on-line reviews. (Green Decl., ¶ 2.). In or around February 2024, Plaintiff received a negative review on its web site posted by a person having had a negative experience with the Defendant. *Id*. Plaintiff also began receiving numerous calls from third parties who had been contacted by Defendant and who mistakenly believed they had been contacted by Plaintiff. (See Declarations of Sarah Wheeler, Norma Hunsaker and Doug Hutton submitted herewith.).

According to the Defendant's web site (https://www.usagreenbuilders.com/) the Defendant describes itself as a "builder, serving as a general contractor in the King County area and surrounding Counties". (See Exhibit B to Green Decl.). These services are the same as and directly compete with those of Plaintiff. (Green Decl., ¶ 3.). The activities of Defendant have

resulted in confusion in the marketplace and have negatively affected Plaintiff's reputation and goodwill. (Green Decl., ¶ 4.; Wheeler Decl., ¶ 7.).

A first cease-and-desist letter was sent to Defendant on May 7, 2024. (See declaration of Mark D. Miller ("Miller Decl.") submitted herewith, Exhibit A.). No response was received to this letter. Thereafter, a second cease-and-desist letter was sent to Defendant on June 20, 2024. (See Exhibit B to Miller Decl.). No response was received to this letter either, resulting in the commencement of the present action. After being served with the summons and complaint, Defendant still failed to respond, and its default was taken. Defendant continues to use the name USA GREEN BUILDERS.

## II. ARGUMENT

Plaintiff and Defendant are both engaged in the business of residential building construction and remodeling services in the Seattle, Washington area. The Defendant's recently adopted business name USA GREEN BUILDERS is confusingly similar to Plaintiff's long-standing GREEN BUILDERS LLC trade name and service mark. Defendant's use of the words "GREEN BUILDERS" in its business name and in its advertising and promotion of identical services is unfair and infringes Plaintiff's trade name and service mark.

### A. JURISDICTION

This is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and under the statutory and common law of the State of Washington. This court has subject matter jurisdiction in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a). This court has pendant jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b). This Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claims are integrally interrelated with Plaintiff's federal claims and arise from a common nucleus of operative facts such that the administration of Plaintiff's state law claims with its federal claims furthers the interest of judicial economy.

The Defendant is a resident of the city of Renton located in King County, Washington. (See Exhibit B to Green Decl.; see also proof of service on Defendant (Dkt. 10). This court has personal jurisdiction over the Defendant because it resides in the Western District of Washington.

### B. FACTORS RELEVANT TO ENTRY OF DEFAULT JUDGMENT

Seven factors may be considered by the courts in exercising discretion as to the entry of a default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). On balance, these factors favor entry of the requested default judgment.

**Possibility of Prejudice to Plaintiff**. The Defendant received two cease-and-desist letters, and failed to respond to either one. (Miller Decl., ¶¶ 1-2.). The Defendant was served with the Summons and Complaint (Dkt. 10), and again failed to respond, resulting in entry of default by the clerk (Dkt. 12). Meanwhile, Defendant continues to use the name USA GREEN BUILDERS which has caused and, if not enjoined, will continue to cause damage to Plaintiff's business reputation and goodwill.

**The Merits of Plaintiff's Substantive Claim**. As set forth below, the Plaintiff has a strong claim for unfair competition and service mark infringement based on Plaintiff's prior use of the GREEN BUILDERS LLC mark, and the great similarity between Plaintiff's mark and the Defendant's USA GREEN BUILDERS designation; and the fact that these are used on identical services, in the same geographic region, and are marketed to the same potential consumers.

**Sufficiency of the Complaint**. The complaint clearly sets forth the basis for Plaintiff's claims and the Defendant's acts of infringement.

///

**The Sum of Money at Stake in the Action**. By this motion, Plaintiff does not seek recovery of money damages, but only seeks injunctive relief and attorney fees.

**Possibility of a Dispute Concerning Material Facts.** The Defendant has wholly failed to respond to Plaintiff's two cease-and-desist letters and to the Complaint on file herein. Because of this, Plaintiff has no information regarding any potential dispute concerning material facts; however, the silence of the Defendant suggests that there are no such factual disputes.

**Whether the Default was due to Excusable Neglect**. The Defendant has wholly failed to respond to Plaintiff's two cease-and-desist letters and to the Complaint on file herein. Because of this, Plaintiff has no information regarding whether there has been any excusable neglect; however, the silence of the Defendant suggests that there are no such excuses.

**The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits**.

This strong policy must give way when "the adversary process has been halted because of an essentially unresponsive party." *Boland v. Elite Terrazzo Flooring, Inc*., 763 F.Supp.2d 64, 67 (D.D.C. 2011) (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)). Under these circumstances, a motion for default judgment is proper.

### C. PLAINTIFF IS ENTITLED TO A PERMANENT INJUNCTION

Trademark law gives federal courts the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable...." 15 U.S.C. § 1116. Following those principles, a permanent injunction may be entered where the plaintiff shows: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641, 78 U.S.P.Q.2d 1577, 27

A.L.R. Fed. 2d 685 (2006); *Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.,* 736 F.3d 1239, 1248-50 (9th Cir. 2013) (applying *eBay* factors to trademark law).

**1. Plaintiff is Suffering Irreparable Injury**

"A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction". 15 U.S.C. § 1116(a). As set forth below, essentially all of the factors used to establish likelihood of confusion weigh in favor of Plaintiff, such that a violation of Section 1125(a) is established. Plaintiff is suffering irreparable harm because the Plaintiff's business reputation and goodwill are in jeopardy, depriving the consuming public of a truthful marketplace. Without an injunction, the Plaintiff would have to bring successive suits in the future to recover damages for harm caused by continuing infringement. It is also likely that in the future, confused persons will mistakenly attribute to Plaintiff defects or negative impressions they may have of the Defendant's services. *See Baden Sports, Inc. v. Kabushiki Kaisha Molten*, 2007 WL 2790777, *2 (W.D. Wash. 2007) (Plaintiff established that without an injunction, consumers will continue to be deceived by defendant's advertising risking continued loss of good will.) These facts support a conclusion of irreparable harm.

The general rules of trademark validity and infringement are to be applied to infringement claims such as this brought under 15 U.S.C. § 1125(a). *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 776, 112 S. Ct. 2753, 2761, 120 L. Ed. 2d 615, 23 U.S.P.Q.2d 1081, 1087 (1992). In the Ninth Circuit, there is an eight-factor likelihood-of-confusion test for infringement of registered marks that is also applied to unregistered marks. *Toho Co. v. Sears, Roebuck & Co.,* 645 F.2d 788, 790 (9th Cir. 1981). The eight factors are found in the case of *AMF Inc. v. Sleekcraft Boats,* 599 F.2d 341, 348 (9th Cir. 1979). As set forth below, these factors tip in favor of a finding of likelihood of confusion. Accordingly, Plaintiff is entitled to the injunctive relief requested.

///

///

**a.** ***Strength of the Mark*.**

In the Ninth Circuit, marks are categorized, in ascending order of strength, as generic, descriptive, suggestive and arbitrary or fanciful. *Surgicenters of America v. Med. Dental Surgeries,* 601 F.2d 1011, 1014 (9th Cir. 1979). The strongest marks are those which are inherently distinctive. In the present case, use of the mark GREEN BUILDERS LLC in connection with providing building construction, repair and remodeling services is distinctive and strong because the word "green" does not classify, describe or suggest these services in any way. Hence, it is a strong mark entitled to the widest ambit of protection from infringing uses. *AMF Inc.*, 599 F.2d at 349. In addition, the Plaintiff obtained a Washington state service mark registration which is entitled to a presumption of validity pursuant to RCW 19.77.040(1). Accordingly, GREEN BUILDERS LLC is a strong mark, entitled to enforcement.

**b.** ***Proximity of the Services.***

Both parties provide identical services: building construction, repair and remodeling services. Under trademark law, the more closely related the services, the greater the danger that the public will mistakenly assume there is an association between the sources of those services. *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1392 (9th Cir. 1993) (Stating that "related goods are more likely than non-related goods to confuse the public as to the producers of the goods. A diminished standard of similarity is therefore applied when comparing the marks of closely related goods.") The more likely the public is to make an association between the providers of the related services, the less similarity in the marks is required to find a likelihood of confusion. *AMF Inc.,* 599 F.2d at 350. Here, since the services are identical, it is more likely that an association will be assumed, meaning that less similarity between the marks is required. Accordingly, this factor supports a finding that there is a likelihood of confusion.

**c.** ***Similarity of the Marks.***

Similarity between service marks is tested on three levels: sight, sound and meaning; and similarities weigh more heavily than differences. *AMF Inc.,* 599 F.2d at 351. Both parties use the identical words "Green Builders" which make up the formative portion of both marks. Thus, the

marks are nearly identical. The other words of the marks, "USA" in Defendant's mark and "LLC" in Plaintiff's mark, are descriptive and entitled to less weight. Importantly, in actual use, Defendant does not use the designation "USA" but only refers to itself as "Green Builders" emphasizing the common words of the mark. (See Declarations of Wheeler, Hunsaker and Hutton, submitted herewith.) Since both marks have identical formative words, and since Defendant emphasizes these words, this factor supports a likelihood of confusion.

**d.** ***Evidence of Actual Confusion.***

The declarations of Wheeler, Hunsaker and Hutton submitted herewith demonstrate actual confusion among consumers of the relevant services. This factor therefore strongly supports a likelihood of confusion.

**e.** ***Marketing Channels Used.***

The Plaintiff and Defendant each use the same marketing channels (internet, etc.) to promote their services. Consumers are therefore likely to encounter both businesses in those channels. This factor therefore supports a likelihood of confusion.

**f.** ***Type of Goods and the Degree of Care Likely to be Exercised by Purchasers.***

The standard used by the courts is the typical buyer exercising ordinary caution. *AMF Inc.,* 599 F.2d at 353. A potential new customer seeking building construction, repair or remodeling services is likely to ask around, or search the Internet in order to find a reputable contractor. A purchaser is likely to exercise some degree of care in selecting a contractor; however, there may be little more than telephone and Internet comparison shopping and confirmation that the contractor services are provided before a selection is made. As reflected in the declarations of Wheeler and Hunsaker submitted herewith, marketing calls made by Defendant resulted in consumers looking for "Green Builders" on-line, and then finding and calling Plaintiff. Similarly, Plaintiff's marketing almost certainly results in calls being made to Defendant, resulting in potential loss of business by Plaintiff. Since consumers are likely to exercise a lower level of care, this factor supports a likelihood of confusion.

///

**g. *The Defendants' Intent in Selecting the Mark.***

Plaintiff has no evidence regarding Defendant's intent in selecting its business name, but the great similarity suggests an ulterior motive. Nevertheless, this factor is neutral.

**h. *The Likelihood of Expansion of Product Lines.***

Any expansion is likely to result in direct competition, supporting a finding that the present use is infringing. *AMF Inc.,* 599 F.2d at 354. Since both businesses provide the same services in the same geographic area, it would appear that they are each likely to expand their service lines in the same manner. The holder of a mark is entitled to greater protection in this situation. *Id.* Accordingly, this factor also supports a finding of likelihood of confusion.

On balance, the factors support a likelihood of confusion which supports the legal conclusion of unfair competition and service mark infringement.

**2. Monetary Damages Are Inadequate**

Since the harm to reputation and goodwill being suffered by Plaintiff as a result of the Defendant's continuing illegal conduct is "irreparable," then the remedy at law (monetary damages) is "inadequate." *See Northwestern Nat. Ins. Co. of Milwaukee, Wisconsin v. Alberts*, 937 F.2d 77, 80, 20 Fed. R. Serv. 3d 268 (2d Cir. 1991) (Quoting the District court: "The irreparable injury requisite for the preliminary injunction overlaps with the absent lack of adequate remedy at law necessary to establish the equitable rights.").

**3. The Balance of Hardships Tips in Favor of Plaintiff**

In balancing hardships, the scope of the injunction to be entered should consider the manner in which Plaintiff is harmed, the possible means by which that harm can be avoided, the burden that would be imposed on Defendant, and the potential effect upon lawful competition between the parties. *ALPO Petfoods v. Ralston Purina Co.*, 913 F.2d 958, 16 U.S.P.Q.2d 1081, 1092 (D.C. Cir. 1990), *aff'd in part and rev'd in part, remanded*, 997 F.2d 949, 27 U.S.P.Q.2d 1455 (D.C. Cir. 1993). In this case, the requested injunction is limited in scope: (a) it only requires Defendant to discontinue using the word GREEN; (b) it only applies in the state of

Washington; and (c) it gives Defendant six (6) months following the date of service to comply. These limitations are believed more than adequate to address the burden on Defendant.

**4. The Public Interest is Served by Granting the Requested Injunctive Relief**

The public is served by preventing consumer confusion in the marketplace. *Davidoff & CIE, S.A. v. PLD Intern. Corp*., 263 F.3d 1297, 1304, 60 U.S.P.Q.2d 1046 (11th Cir. 2001). By the use of a confusingly similar mark to sell Defendant's services, the public will be injured by not receiving the quality services they have come to expect from the plaintiff. Thus, the public interest favors the requested injunctive relief.

**C. PLAINTIFF HAS ESTABLISHED A VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT**

The following five elements are required to establish a Violation of the Washington Consumer Protection Act RCW 19.86.020: (1) an unfair or deceptive act or practice, (2) in or affecting trade or commerce, (3) injurious to the public interest, (4) injury to plaintiff's property or business, and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 105 Wn.2d 778, 784-85, 719 P.2d 531 (1986).

**1. Unfair or Deceptive Act or Practice.**

Under Washington law, wrongful appropriation of a trade name constitutes a deceptive or unfair trade practice under the Washington Consumer Protection Act. *Tradewell Stores, Inc. v. T.B. & M., Inc*., 7 Wash.App. 424, 500 P.2d 1290 (1972). This factor is met inasmuch as a service mark infringement has been made out under the *AMF Inc*. factors above.

**2. In or Affecting Trade or Commerce**

This factor is met since the actions of the Defendant took place in the course of the sale of services directly and indirectly affecting the people of the state of Washington. (RCW 19.86.010(2)).

**3. Injurious to the Public Interest**

A necessary component of trade name infringement is that the plaintiff must establish that the name used is likely to confuse the public. See, e.g., *International Order of Job's*

*Daughters v. Lindeburg & Co*., 633 F.2d 912 (9th Cir.1980). This confusion of the public, absent some unusual or unforeseen circumstances, is generally sufficient to meet the public interest requirement of the Consumer Protection Act. *Nordstrom Inc. v Tampourlos*, 107 Wn.2d 735, 742-743, 733 P.2d 208 (1987).

**4. Injury to Plaintiff's Property or Business**

This factor is met since the actions of the Defendant in using a confusingly similar business name have resulted in injury to Plaintiff's business reputation and goodwill. *Nordstrom Inc.*, 107 Wn.2d at 740.

**5. Causation**

This factor is met because the actions of the Defendant have had a direct affect on and are the proximate cause of the injury to Plaintiff's business reputation and goodwill. *Hangman Ridge*, 105 Wn.2d at 792-93.

All the elements of a claim under the Washington Consumer Protection Act are established. Plaintiff is therefore entitled to injunctive relief and a reasonable attorney's fee. (RCW 19.86.090).

**D. PLAINTIFF IS ENTITLED TO RECOVERY OF ATTORNEY FEES**

Courts have the power to award attorney's fees in Lanham Act cases to prevailing plaintiffs if the case is determined to be "exceptional." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816, 110 U.S.P.Q.2d 1337 (2014); applied to Lanham Act in the Ninth Circuit, *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181, 120 U.S.P.Q.2d 1386 (9th Cir. 2016). Under *Octane*, a case may be deemed "exceptional" if it "stands out from others with respect to the substantive strength of a party's litigating position". In this case, Plaintiff's prior use of a strong mark and Defendant's use of a nearly identical mark on the same services shows the substantive strength of Plaintiff's case and the weakness of Defendant's position.

Under the Washington Consumer Protection Act, the court has discretion to award attorney fees and costs to the prevailing party. RCW 19.86.080. A court may award attorney fees

independently, without a showing of actual monetary damages. *See St. Paul and Marine Ins. Co. v. Updegrave*, 33 Wn. App. 653, 658-60, 656 P.2d 1130 (1983). In an action for trade name infringement, an award of reasonable attorney fees is appropriate. *Nordstrom Inc.*, 107 Wn.2d at 744.

Accordingly, an award of reasonable attorney fees should be granted, with the amount to be determined pursuant to a submission by plaintiff within 14 days of entry of judgment pursuant to Fed. R. Civ. P. 54(d)(2)(B).

## III. CONCLUSION

For all of the above reasons, Plaintiff requests entry of a default judgment and permanent injunction against Defendant USA GREEN BUILDERS CORPORATION, prohibiting Defendant from using the word "GREEN" in any use, advertising, sale, promotion, of marketing of building construction, repair and remodeling services within the state of Washington no later than six (6) months after service of the injunction, together with an award to Plaintiff of its attorney fees.

## CERTIFICATION

The undersigned certifies that this brief complies with the length requirements of the Local Civil Rules and the Court's Standing Order for all Civil Cases in that it is no more than 8,400 words, excluding the caption, signature blocks, certificate of service, and this certification.

Dated: March 31, 2025

SIERRA IP LAW, PC
A Professional Corporation

By *s/Mark D. Miller*
MARK D. MILLER, WSBA No. 55926
Attorneys for Plaintiff,
*Green Builders LLC*

Sierra IP Law, PC
A Professional Corporation
1201 Pacific Ave., Ste 600
Tacoma, WA 98402
Phone: (253) 345-1545
E-mail: mmiller@sierraiplaw.com