**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

* * *

| | |
|---|---|
| GREEN BUILDERS LLC, a Washington limited liability company,<br><br>*Plaintiff,*<br><br>v.<br><br>USA GREEN BUILDERS CORPORATION, a Washington corporation,<br><br>*Defendant.* | Case No. 2:24-cv-1469-TLF<br><br>**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION** |

THIS CAUSE is before the Court upon the Motion for Default Judgment and Permanent Injunction of Plaintiff Green Builders LLC ("Plaintiff") (the "Motion") [Dkt. __]. The Court has considered the Motion, has noted the Clerk's default against defendant USA Green Builders Corporation ("Defendant"), and is otherwise advised in the premises.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, and Local Civil Rules 7(d)(1) and 55(b)(4), the Court concludes that Plaintiff has met its burden of showing that it is entitled to a final default judgment as to Defendant. Plaintiff has also met his burden of showing that it is entitled to permanent injunctive relief against Defendant as specified herein.

Accordingly, it is ORDERED AND ADJUDGED as follows:

**Findings of Fact**

1. Plaintiff is in the business of providing residential building construction, remodeling and repair services, and has provided these services in and around Seattle, Washington since 2016 under the name GREEN BUILDERS LLC.

2. Plaintiff has expended considerable time, money and effort to advertise and promote its building construction, remodeling and repair services under the trade name and service mark GREEN BUILDERS LLC.

3. On May 6, 2024, Plaintiff obtained a Washington State Service Mark Registration for the mark GREEN BUILDERS LLC for use on Construction & Repair, Certificate No. 1083001.

4. Without Plaintiff's knowledge or consent, beginning in 2020, Defendant began providing residential building construction, remodeling and repair services in and around Seattle, Washington under the name USA GREEN BUILDERS.

5. Beginning in or around February 2022, Plaintiff began receiving negative reviews on its web site and misdirected telephone calls resulting from Defendant's use of USA GREEN BUILDERS.

6. Plaintiff retained counsel, and sent a first cease-and-desist letter to Defendant on May 7, 2024. No response was received to this letter. Thereafter, through counsel, Plaintiff sent a second cease-and-desist letter to Defendant on June 20, 2024. No response was received to this letter either, resulting in the commencement of the present action (Dkt. 1) on September 14, 2024. Defendant was served with the summons and complaint (Dkt. 10) and failed to respond. Pursuant to a request from Plaintiff, on December 19, 2024, the Clerk entered the default of Defendant (Dkt. 12).

**Conclusions of Law**

***A. Applicable Legal Standards***

Rule 55 of the Federal Rules of Civil Procedure sets forth the two-step process by which a party can secure a default judgment. First, the plaintiff must ask the Clerk of the Court to enter a default against a party who has "failed to plead or otherwise defend" itself against the action.

Fed. R. Civ. P. 55(a). After the entry of default has been entered on the docket, the plaintiff must move for an entry of default judgment. Fed. R. Civ. P. 55(b). District courts have discretion to enter a default judgment upon a party's motion. See Fed. R. Civ. P. 55(b)(2). Such motions may be granted "only when the adversary process has been halted because of an essentially unresponsive party." *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F.Supp.2d 64, 67 (D.D.C. 2011) (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)).

Seven factors may be considered by the courts in exercising discretion as to the entry of a default judgment: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**Prejudice to Plaintiff**. Defendant's continued use of the name USA GREEN BUILDERS has caused and will continue to cause damage to Plaintiff's business reputation and goodwill if no judgement is entered.

**Merits of Plaintiff's Claim**. Plaintiff has a strong claim for unfair competition and service mark infringement based on Plaintiff's prior use of the GREEN BUILDERS LLC mark, and the great similarity between Plaintiff's mark and the Defendant's USA GREEN BUILDERS designation; and the fact that these are used on identical services, in the same geographic region, and are marketed to the same potential consumers.

**Sufficiency of the Complaint**. The complaint clearly sets forth the basis for Plaintiff's claims and the Defendant's acts of infringement.

**The Sum of Money at Stake in the Action**. Plaintiff does not seek recovery of money damages, but only injunctive relief and attorney fees.

**Possibility of a Dispute Concerning Material Facts.** The Defendant has wholly failed to respond to Plaintiff's two cease-and-desist letters and to the Complaint on file herein. Because

of this, Plaintiff has no information regarding any potential dispute concerning material facts; however, the silence of the Defendant suggests that there are no such factual disputes.

**Whether the Default was due to Excusable Neglect**. The Defendant has wholly failed to respond to Plaintiff's two cease-and-desist letters and to the Complaint on file herein. Because of this, Plaintiff has no information regarding whether there has been any excusable neglect; however, the silence of the Defendant suggests that there are no such excuses.

**The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits**.

This strong policy must give way when "the adversary process has been halted because of an essentially unresponsive party." *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F.Supp.2d 64, 67 (D.D.C. 2011) (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)). Under these circumstances, a motion for default judgment is proper.

On balance, the *Eitel* factors favor entry of the requested default judgment.

***B. Injunctive Relief for Unfair Competition / Service Mark Infringement***

Plaintiff has not sought monetary damages in the requested default judgment, but only injunctive relief and attorney fees. Federal courts the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable...." 15 U.S.C. § 1116. Following those principles, a permanent injunction may be entered where the plaintiff shows: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of the hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 1839, 164 L. Ed. 2d 641, 78 U.S.P.Q.2d 1577, 27 A.L.R. Fed. 2d 685 (2006); *Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.,* 736 F.3d 1239, 1248-50 (9th Cir. 2013) (applying *eBay* factors to trademark law).

**1. Plaintiff Is Suffering Irreparable Injury**

"A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of

irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction". 15 U.S.C. § 1116(a). This Court concludes that Plaintiff is suffering irreparable harm because the Plaintiff's business reputation and goodwill are in jeopardy, depriving the consuming public of a truthful marketplace. Without an injunction, the Plaintiff would have to bring successive suits in the future to recover damages for harm caused by continuing infringement. It is also likely that in the future, confused persons will mistakenly attribute to Plaintiff defects or negative impressions they may have of the Defendant's services. *See Baden Sports, Inc. v. Kabushiki Kaisha Molten*, 2007 WL 2790777, *2 (W.D. Wash. 2007) (Plaintiff established that without an injunction, consumers will continue to be deceived by defendant's advertising risking continued loss of good will.)

**a. Plaintiff has Established a Claim for Federal Unfair Competition and Service Mark Infringement**

The general rules of trademark validity and infringement are to be applied to federal unfair competitions claims brought under 15 U.S.C. § 1125(a). *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 776, 112 S. Ct. 2753, 2761, 120 L. Ed. 2d 615, 23 U.S.P.Q.2d 1081, 1087 (1992). In the Ninth Circuit, the eight factors are considered in the analysis for likelihood of confusion. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341 (9th Cir. 1979).

**(1). *Strength of the Mark*.**

Plaintiff's composite mark GREEN BUILDERS LLC is a strong mark because it is distinctive. In addition, because Plaintiff obtained a Washington State Service Mark Registration, Plaintiff's mark is entitled to a presumption of validity pursuant to RCW 19.77.040(1).

**(2). Proximity of Services**

The services provided by the Plaintiff and Defendant are identical. This factor therefore supports a likelihood of confusion.

**(3). Similarity of the Marks**

Defendant's USA GREEN BUILDERS designation is nearly identical to Plaintiff's GREEN BUILDERS LLC mark. The formative portion of both marks are the words GREEN

BUILDERS. This factor therefore supports a likelihood of confusion.

**(4). Evidence of Actual Confusion**

Plaintiff has demonstrated actual confusion among consumers of the relevant services. This factor therefore strongly supports a likelihood of confusion.

**(5). Marketing Channels Used**

The Plaintiff and Defendant each use the same marketing channels (internet, etc.) to promote their services. Consumers are therefore likely to encounter both businesses in those channels. This factor therefore supports a likelihood of confusion.

**(6). Type of Goods and the Degree of Care Likely to be Exercised by Purchasers.**

The type of goods and services offered by Plaintiff and by all Defendants are expensive but common. As a result, consumers are likely to exercise a lower level of care, thereby making this factor support a likelihood of confusion.

**(7). The Defendants' Intent in Selecting the Mark.**

No evidence regarding Defendant's intent has been presented. This factor is neutral.

**(8). The Likelihood of Expansion of Product Lines.**

Both parties are expected to expand their business if successful. This factor therefore supports a likelihood of confusion.

This Court concludes that the majority of the above factors, on balance, support a likelihood of confusion. The Court therefore concludes that Plaintiff's has established its claims for unfair competition and service mark infringement.

**2. Monetary Damages Are Inadequate**

This Court concludes that the harm to Plaintiff's reputation and goodwill as a result of the Defendant's continuing infringing conduct is "irreparable," such that the remedy at law (monetary damages) is "inadequate." *See Northwestern Nat. Ins. Co. of Milwaukee, Wisconsin v. Alberts*, 937 F.2d 77, 80, 20 Fed. R. Serv. 3d 268 (2d Cir. 1991) (Quoting the District court:

"The irreparable injury requisite for the preliminary injunction overlaps with the absent lack of adequate remedy at law necessary to establish the equitable rights.").

**3. The Balance of Hardships Tips in Favor of Plaintiff**

In balancing hardships, the scope of the injunction to be entered should consider the manner in which Plaintiff is harmed, the possible means by which that harm can be avoided, the burden that would be imposed on Defendant, and the potential effect upon lawful competition between the parties. *ALPO Petfoods v. Ralston Purina Co.*, 913 F.2d 958, 16 U.S.P.Q.2d 1081, 1092 (D.C. Cir. 1990), *aff'd in part and rev'd in part, remanded*, 997 F.2d 949, 27 U.S.P.Q.2d 1455 (D.C. Cir. 1993). The potential effect upon the Defendant is mitigated by the limited scope of the requested injunction in that: (a) it only requires Defendant to discontinue using the word GREEN; (b) it only applies within the state of Washington; and (c) it gives Defendant six (6) months following the date of service to comply. This Court concludes that these limitations are more than adequate to address any potential burden on Defendant, especially since Defendant has wholly failed to respond to any of Plaintiff's letters or the Summons and Complaint herein.

**4. The Public Interest is Served by Granting the Requested Injunctive Relief**

The public is served by preventing consumer confusion in the marketplace. *Davidoff & CIE, S.A. v. PLD Intern. Corp.*, 263 F.3d 1297, 1304, 60 U.S.P.Q.2d 1046 (11th Cir. 2001). By the use of a confusingly similar mark to sell Defendant's services, the public will be injured by not receiving the quality services they have come to expect from the plaintiff. Thus, this Court concludes that the public interest favors the requested injunctive relief.

***C. Violation of Washington Consumer Protection Act***

Five elements are required to establish a violation of the Washington Consumer Protection Act RCW 19.86.020: (1) an unfair or deceptive act or practice, (2) in or affecting trade or commerce, (3) injurious to the public interest, (4) injury to plaintiff's property or business, and (5) causation. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784-85, 719 P.2d 531 (1986). These factors have been met: (1) wrongful appropriation of a trade name constitutes a deceptive or unfair trade practice under the Washington Consumer Protection Act. *Tradewell*

*Stores, Inc. v. T.B. & M., Inc.*, 7 Wash.App. 424, 500 P.2d 1290 (1972); (2) the actions of the Defendant took place in the course of the sale of services directly and indirectly affecting the people of the state of Washington. (RCW 19.86.010(2)); (3) Plaintiff has demonstrated confusion to the public, which is sufficient to meet the public interest requirement of the Consumer Protection Act. *Nordstrom Inc. v Tampourlos*, 107 Wn.2d 735, 742-743, 733 P.2d 208 (1987); and (4-5) the actions of the Defendant have resulted in injury to Plaintiff's business reputation and goodwill, and are the proximate cause of that injury. *Nordstrom Inc.*, 107 Wn.2d at 740; *Hangman Ridge*, 105 Wn.2d at 792-93.

This Court therefore concludes that all of the elements of a claim under the Washington Consumer Protection Act are also established, and that Plaintiff is entitled to injunctive relief and a reasonable attorney's fee. (RCW 19.86.090).

***D. Plaintiff is Entitled to Recovery of Attorney Fees***

Courts have the power to award attorney's fees in Lanham Act cases to prevailing plaintiffs if the case is determined to be "exceptional." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 134 S. Ct. 1749, 1756, 188 L. Ed. 2d 816, 110 U.S.P.Q.2d 1337 (2014); applied to Lanham Act in the Ninth Circuit, *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1181, 120 U.S.P.Q.2d 1386 (9th Cir. 2016). Under *Octane*, a case may be deemed "exceptional" if it "stands out from others with respect to the substantive strength of a party's litigating position". In this case, Plaintiff's prior use of a strong mark and Defendant's use of a nearly identical mark on the same services shows the substantive strength of Plaintiff's case and the weakness of Defendant's position.

Under the Washington Consumer Protection Act, the court has discretion to award attorney fees and costs to the prevailing party. RCW 19.86.080. A court may award attorney fees independently, without a showing of actual monetary damages. *See St. Paul and Marine Ins. Co. v. Updegrave*, 33 Wn. App. 653, 658-60, 656 P.2d 1130 (1983). In an action for trade name infringement, an award of reasonable attorney fees is appropriate. *Nordstrom Inc.*, 107 Wn.2d at 744.

This Court therefore awards reasonable attorney fees to Plaintiff, with the amount to be determined pursuant to a submission by plaintiff within 14 days of entry of judgment pursuant to Fed. R. Civ. P. 54(d)(2)(B).

**JUDGEMENT AND PERMANENT INJUNCTION**

Pursuant to 15 U.S.C. § 1116, "The several courts vested with jurisdiction of civil actions arising under this Act shall have the power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable ... to prevent a violation of subsection (a), (c), or (d) of section 43 [15 U.S.C. § 1125(a), (c), or (d)]." Here, this Court concludes that Defendant's conduct has caused, and any continuing infringing conduct will continue to cause, irreparable injury to Plaintiff, such that Plaintiff has no adequate remedy at law. In accordance with the above:

JUDGMENT IS HEREBY ENTERED in favor of Plaintiff Green Builders LLC and against Defendant USA Green Builders Corporation as follows:

THIS COURT HEREBY ENTERS THE FOLLOWING PERMANENT INJUNCTION:

(a) Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant ("Enjoined Parties") are hereby enjoined and prohibited, directly or indirectly, from using the word "GREEN" or any colorable imitation thereof, in conjunction with the use, advertising, promotion, or marketing of any building construction, remodeling or repair services within the State of Washington;

(b) The Enjoined Parties must discontinue any use of the word "GREEN" in connection with the use, advertising, promotion, or marketing of any building construction, remodeling or repair services within the State of Washington within six (6) months of the date of service of this Final Judgment upon said Enjoined Parties.

THIS COURT ALSO AWARDS REASONABLE ATTORNEY FEES to Plaintiff in an amount to be determined pursuant to a submission by plaintiff within fourteen (14) days of entry of this Final Judgment pursuant to Fed. R. Civ. P. 54(d)(2)(B).

**DONE AND ORDERED** in Chambers in Seatle, Washington this __ day of _________, 2025.

By ______________________________
Lauren King,
United States District Judge