1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREEN BUILDERS LLC, | CASE NO. 2:24-cv-01469-LK |
| Plaintiff, | ORDER DISMISSING |
| v. | COMPLAINT |
| USA GREEN BUILDERS CORPORATION, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Green Builders LLC's motion for default judgment. Dkt. No. 13. For the reasons laid out below, the Court denies the motion and dismisses this case without prejudice and with leave to amend.

## I.    BACKGROUND

On September 14, 2024, Plaintiff Green Builders LLC filed a complaint against USA Green Builders Corporation for false designation of origin and unfair competition under 15 U.S.C. § 1125(a); service mark infringement under Washington state law, trademark dilution under Washington state law; infringement of service mark and unfair competition under common law;

violation of the Washington State Consumer Protection Act, Wash. Rev. Code § 19.77.160; and unjust enrichment. Dkt. No. 1 at 4–9. On October 24, 2024, Plaintiff requested entry of default against Defendant, who had not yet appeared. Dkt. No. 7. The Court denied that request without prejudice on October 30, 2024 for failure to show proper service under Federal Rule of Civil Procedure 4. Dkt. No. 9. Plaintiff filed a new Affidavit of Service on November 27, 2024, Dkt. No. 10, followed by another request for entry of default on December 18, 2024, Dkt. No. 11. The Clerk of Court entered default as to Defendant USA Green Builders Corporation on December 19, 2024. Dkt. No. 12. On March 31, 2025, Plaintiff filed a motion for default judgment. Dkt. No. 13. Plaintiff asks the Court to permanently enjoin Defendant "from using the word 'GREEN' in any use, advertising, sale, promotion, of marketing of building construction, repair and remodeling services," and to award Plaintiff its attorney fees. *Id.* at 12.

## II.    DISCUSSION

### A.    Legal Standard

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure. That Rule authorizes the Court to enter default judgment against a party that fails to appear or otherwise defend in an action. The Court has discretion to grant or deny a motion for default judgment. *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. *Eitel v. McCool,* 782 F.2d 1470, 1472 (9th Cir. 1986). Courts may consider the following factors (the "*Eitel* factors") in deciding whether to grant a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

1    *Id.* at 1471–72. If a plaintiff "has not adequately alleged that he has 'a claim or right to relief' . . .

2    he is not entitled to a default judgment, and dismissal for failure to state a claim is proper." *Moore*

3    *v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004).

4    **B.    Plaintiff has Failed to State a Claim Under the Lanham Act**

5          Plaintiff asserts federal law claims of false designation of origin and unfair competition

6    under Section 43(a) of the Trademark Act of 1946 (the Lanham Act), 60 Stat. 441, as amended,

7    15 U.S.C. § 1125(a). Dkt. No. 1 at 4–5. Plaintiff's Lanham Act claims are based on purported

8    ownership of the unregistered text-only trademark GREEN BUILDERS LLC. Dkt. No. 1 at 2–5

9    (referencing Washington State Trademark Registration but no federal registration and seeking

10    relief under 15 U.S.C. § 1125(a), which protects unregistered marks).[1] "Registration is not a

11    prerequisite for protection under § 43(a), . . . but courts look to the general principles qualifying a

12    mark for registration under § 2 when determining whether an unregistered mark is protectable

13    under § 43(a)." *Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1047 n.7

14    (9th Cir. 1998)). "[W]hether the words used . . . are entitled to protection" is "[t]he threshold issue

15    in any action for trademark infringement." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768

16    F.2d 1001, 1014 (9th Cir. 1985).

17          Generic terms—those that "refer[] to the genus of which the particular product is a

18    species"—are not protected under federal law, and descriptive terms may only obtain protection

19    "by acquiring a secondary meaning in the minds of the consuming public." *Id.* at 1014–15.

20    Similarly, family names are classified as descriptive and, therefore, are unregistrable and

21

---

22    [1] Although Plaintiff registered the mark GREEN BUILDERS LLC for "Construction & Repair" with the State of
Washington, *id.* at 15, the mark is still "unregistered" under federal law. *See Matal v. Tam*, 582 U.S. 218, 226 (2017)
(noting that an "unregistered trademark" can be enforced under the state's registration system "if it has been registered
in a State"); *Cascade Fin. Corp. v. Issaquah Cmty. Bank*, No. C07–1106Z, 2007 WL 2871981, at *11 (W.D. Wash.
Sept. 27, 2007) ("Plaintiffs have provided no legal authority that a *state* registration of a trademark confers a
presumption of validity under the Lanham Act. The Court will not presume that [Plaintiffs] owns a valid mark based
upon the state registration.").

unprotectable without secondary meaning. Lanham Act § 2(e), 15 U.S.C. § 1052(e); *Avery Dennison Corp. v. Sumpton*, 189 F.3d 868, 877 (9th Cir. 1999). "Secondary meaning can be established in many ways, including (but not limited to) direct consumer testimony; survey evidence; exclusivity, manner, and length of use of a mark; amount and manner of advertising; amount of sales and number of customers; established place in the market; and proof of intentional copying by the defendant." *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.,* 198 F.3d 1143, 1151 (9th Cir. 1999). "To show secondary meaning, a plaintiff must demonstrate a mental recognition in buyers' and potential buyers' minds that products connected with the mark are associated with the same source." *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009) (citation modified).

Nothing in the complaint suggests that GREEN BUILDERS LLC as a mark for "construction and repair" services, Dkt. No. 1 at 15, is anything other than generic or descriptive, and Plaintiff has not submitted any allegations or evidence that GREEN BUILDERS LLC has a secondary meaning to consumers. The most that Plaintiff offers is the conclusory argument in its motion (that is not made in its complaint) that "the mark GREEN BUILDERS LLC in connection with providing building construction, repair and remodeling services is distinctive and strong because the word 'green' does not classify, describe or suggest these services in any way." Dkt. No. 13 at 7. But notably, the United States Patent and Trademark Office ("USPTO") has opined that "GREEN BUILDERS" for "custom construction of homes" was "merely descriptive" of an applicant's goods and/or services "because the applicant's construction services are provided by those who build, and are done in a manner that tends to preserve environmental quality, such as being recyclable, biodegradable, or nonpolluting." *In re Trademark Application for BPC Green Builders*, No. 69CE303FD4, at 5 (T.T.A.B. Aug. 29, 2025), *available at* https://tsdr.uspto.gov/documentviewer?caseId=sn99114551&docId=NFIN20250829200619.

ORDER DISMISSING COMPLAINT - 4

1    This is in line with analogous findings from various adjudicatory bodies. *See, e.g.*, *Union Nat.*

2    *Bank of Texas, Laredo, Tex. v. Union Nat. Bank of Texas, Austin, Tex.*, 909 F.2d 839, 845 (5th Cir.

3    1990) ("[I]n many cases, a descriptive term will be an adjective such as 'speedy,' 'friendly,'

4    'green,' 'menthol,' or 'reliable.'"); *Great W. Air, LLC v. Cirrus Design Corp.*, 649 F. Supp. 3d

5    965, 977 (D. Nev. 2023) ("Descriptive marks—like 'speedy,' 'friendly,' or 'green'—are not

6    entitled to trademark protection unless they have acquired secondary meaning."), *aff'd,* No. 23-

7    15157, 2024 WL 5134351 (9th Cir. Dec. 17, 2024); *In Re Home Builders Ass'n of Metro. Denver*,

8    No. 75759314, 2004 WL 1942041, at *3 (T.T.A.B. Aug. 4, 2004) ("'BUILT GREEN' for

9    applicant's magazines and newsletters simply describes the fact that . . . the companies on

10    applicant's business directory have 'built green' homes and that its building construction services

11    involve building green homes"; accordingly, "applicant's mark is merely descriptive for the goods

12    and services in the application").

13        Moreover, through the Washington Secretary of State Business Entity Search, the Court

14    has identified at least ten businesses (other than the parties in this case) that include (or included)

15    "green builder" in the name. Washington State Corporations and Charities Filing System, Search

16    Results for Green Builders, https://ccfs.sos.wa.gov/#/AdvancedSearch (Eco-Green Builders, Inc.,

17    Emerald City Green Builders, Inc., Green Home Builders, LLC, Grit City Green Builders LLC,

18    Northwest Green Builders LLC, Pacific Green Builders, Inc, Puget Sound Green Builders, LLC,

19    The Green Builder, NW., Inc., United Green Builders, LLC, Washington Green Builders LLC).[2]

20    "[T]hat the marketplace is replete with products using a particular trademarked word indicates not

21    only the difficulty in avoiding its use" but also either "the likelihood that consumers will *not* be

22    confused by its use," *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1144 (9th Cir. 2002), or

23    
24    ---
     [2] *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (a court "may take judicial notice of court filings and other matters of public record").

1    alternatively, that a business using the word has simply "assumed the risk of some consumer

2    confusion," *Skydiving Sch., Inc. v. GoJump Am., LLC*, No. 24-1822, 2025 WL 502491, at *2 (9th

3    Cir. Feb. 14, 2025) (observing that "[t]he degree of consumer confusion alleged" by the plaintiff

4    was "an appropriate degree of confusion in light of the descriptive purity of" its chosen mark).

5          If Plaintiff is not using "green" with reference to the type of construction and repair it does,

6    it appears that the mark instead relates to the surname of one of Plaintiff's owners. *See*

7    https://www.greenbuildersllc.com/about (stating, "Hi, We Are The Greens" and noting that the

8    business was founded by Dan Green and Carl Luedke) (last visited Oct. 8, 2025). Again, surnames

9    used as marks are not protectable without secondary meaning. Lanham Act § 2(e), 15 U.S.C. §

10   1052(e); *Avery*, 189 F.3d at 877.

11         Because Plaintiff has not adequately alleged that its mark is protectable under federal law,

12   it is "not entitled to a default judgment, and dismissal for failure to state a claim is proper." *Moore*,

13   384 F.3d at 1090; *see also Douglas v. Wal-Mart Stores, Inc.*, 208 F. App'x 943, 946 (Fed. Cir.

14   2006) ("with respect to unfair competition and trademark infringement, [a plaintiff] must establish,

15   *inter alia,* that he owns a legally protectable mark"; a merely descriptive mark "cannot possibly

16   enjoy legal protection without secondary meaning").

17   **C.    The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's State
18        Law Claims**

19         This leaves the Plaintiff's claims for service mark infringement under Washington state

20   law, trademark dilution under Washington state law; infringement of service mark and unfair

21   competition under common law; violation of the Washington State Consumer Protection Act,

22   Wash. Rev. Code § 19.77.160, and unjust enrichment. Dkt. No. 1 at 5–9. Although the Court has

23   supplemental jurisdiction over these claims, its "decision whether to exercise that jurisdiction after

24   dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad*

*Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); 28 U.S.C. § 1367(c)(3). In declining jurisdiction under section 1367(c)(3), the Court "must first identify the dismissal that triggers the exercise of discretion"—here, dismissal of Plaintiff's Lanham Act claims—"and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." *Trs. of Const. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003).

Plaintiff's pendent claims involve "[n]eedless decisions of state law" that the Court will avoid "both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law" in state court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Desert Valley*, 333 F.3d at 926 (Section 1367(c)(3) enables a district court "to avoid determining an issue of state law when the federal claim, on which its jurisdiction rests, proves to be unfounded"). As the Supreme Court has observed, "in the usual case in which federal-law claims are eliminated before trial, the balance of the factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *accord Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th. Cir. 1997). That is the case here. *See, e.g., City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1008 (9th Cir. 2010) (district court did not abuse its discretion by declining to exercise supplemental jurisdiction over pendent state claims); *Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1169 (9th Cir. 2002) (same); *Serafin v. Realmark Holdings, LLC*, No. 23-CV-03275-PCP, 2025 WL 2491001, at *4 (N.D. Cal. Aug. 28, 2025).

### III.   CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion for default judgment and DISMISSES its complaint without prejudice. While it does not appear clear at this time that

1    Plaintiff can establish secondary meaning, and "[f]utility alone can justify the denial of . . . leave

2    to amend," *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004), denial of leave to amend on this

3    ground is "rare," and courts generally defer consideration of the merits of a proposed amended

4    pleading until after the amended pleading is filed, *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043

5    (E.D. Cal. 2010). Accordingly, the Court grants Plaintiff leave to amend. Should Plaintiff wish to

6    amend its complaint, it may do so within 21 days of the date of this Order. If Plaintiff amends the

7    complaint, it may not move for default judgment on the amended complaint unless and until

8    Defendant fails to respond to a properly served amended complaint, and Plaintiff thereafter

9    complies with the procedure required under the applicable rules. Fed. R. Civ. P. 55(a)–(b); LCR

10    55(a)–(b). Of course, Plaintiff is also free to file its complaint in state court.

11       Dated this 8th day of October, 2025.

12

13                            Lauren King

14                            United States District Judge

15

16

17

18

19

20

21

22

23

24